UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DAWN D. DILLON,

Plaintiffs,

v.

BAYVIEW LOAN SERVICING, et al,

Defendants.

Case No. 2:18-cv-01582-RFB-EJY

ORDER

## I. INTRODUCTION

Before the Court are Plaintiff's "Praecipe for Personal Summons Extraordinary Writ of Execution Involuntary Bankruptcy Foreign Proceedings & Action" (ECF No. 1) and "Praecipe for Personal Summons Extraordinary Writ of Execution Probate & Tax Claim & Liquidation Foreign Proceedings, Misprison of Felony & Treason, Statement of Claim(s), Declaration of Unlawful Foreclosure Sale, Rape, Court Order, Subpoena & Notice to Clerk(s) & Bar Clerk(s)" (ECF No. 64) and several Motions to Dismiss filed by various Defendants. ECF Nos. 7, 13, 17, 20, 21, 65, 70. For the reasons stated below, the Court grants the Motions to Dismiss.

## II. PROCEDURAL BACKGROUND

Plaintiff filed the initial document operating as the first complaint in this action on August 20, 2018 listing Bayview Loan Servicing, LLC, The Bank of New York Mellon, First Magnus Financial Corporation, JP Morgan Chase, Mortgage Electronic Registration Systems, Inc., Seaside Trustee, Inc., Ditech Financial LLC, Clark County Nevada, City of Las Vegas, Sheriff of Clark County, Bank of America, N.A., Fidelity National Title Company, and First American Title Insurance Company as defendants. ECF No. 1. Several Defendants filed the instant Motions to

Dismiss. ECF Nos. 7, 13, 17, 20 and 21. Plaintiff filed her response to these motions on October 9, 2018. Ditech Financial LLC filed a Motion to Deem Party as a Vexatious Litigant on December 11, 2018 (ECF No. 41) which was joined by several Defendants (ECF No. 48, 49). Plaintiff filed the document operating as the second complaint in this action on May 30, 2019. ECF No. 64. Several Defendants filed and joined the instant Motions to Dismiss the second complaint. ECF Nos. 65, 70, 74. Defendants have also filed myriad Motions to Strike. ECF Nos. 33, 38, 93.

## III. FACTUAL ALLEGATIONS

While it is somewhat difficult to ascertain allegations in Plaintiff's filings, the facts alleged appear to relate to a foreclosure sale. In her initial complaint ("Praecipe for Personal Summons Extraordinary Writ of Execution Involuntary Bankruptcy Foreign Proceedings & Action"), Plaintiff makes a number of allegations against Defendants as "Debtor(s)." ECF No. 1 at 2. Plaintiff states that on December 21, 2006 Defendants entered into a contract for a consumer loan transaction "with the United States and through Dawn D. Dillon." Id. Plaintiff alleges Defendants received a personal loan directly from the "Creditors' Estates/Government" which is now delinquent. Id. Plaintiff alleges this loan is secured by property at 5003 Thunder River Cir., Las Vegas, NV 89148. The remainder of complaint 'imposes' various duties on Defendants and purports to operate as a court order. See id. at 3-7.

Plaintiff's second complaint states the foreclosure sale on her property "raped, harmed & damaged" her and her family and that her health has been damaged, she has lost sleep, and been unable to work. ECF No. 64 at 3. She also alleges that the "interference by the Clerk(s) & BAR Clerk(s) aided and abetted terrorist(s) to commit felonies & treason." Id. at 5. She also alleges that Defendants engaged in "unfair debt collection practices," id. at 6, that Defendants trespassed on her property, id. at 9, that Defendants declined to accept a settlement, id. at 13, engaged in unfair and deceptive practices through their interpretation of the Lender's Policy, id. at 14, and that the loan she was given was a predatory loan, id. at 15-16, in violation of their "fiduciary of good faith and fair dealings," id. at 17-18. She further alleges the foreclosure sale was "unlawful" because it occurred outside the statutory timeframe, id. at 23, that she never received a "certified true and

correct copy of the original NOTE with endorsements," id., and that Defendant Seaside Trustee, Inc. did not adequately advertise the foreclosure sale, id. at 24. As she does in the first complaint, Plaintiff orders Defendants to comply with demands she has made throughout the complaint, purporting to have the authority of a judicial officer. See id. at 1-37.

**IV. LEGAL STANDARD**

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). In addition, documents filed by a plaintiff who is proceeding without counsel (as is the case here) must be liberally construed, and a pro se complaint must be "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (citations and quotation marks omitted); see also Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). In elaborating on the pleading standard described in Twombly and Iqbal, the Ninth Circuit has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## V. DISCUSSION

### A. Motions to Dismiss First Complaint: ECF Nos. 7, 13, 17, 20, 21

The Court will construe the two complaints as one operative document with allegations, but will divide its analysis based upon the allegations and respective arguments in the separately filed documents. Thus, the Court first considers the Motions to Dismiss Plaintiff's first complaint, ECF No. 1.

Defendant City of Las Vegas asserts that Plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 7 at 2. Defendant also states that the complaint lacks sufficient detail to adequately allow Defendants to ascertain liability and moves for a more definite statement. ECF No. 7 at 3-4. Plaintiff argues in her response that the "City of Las Vegas has no jurisdiction" but does not otherwise address Defendant's argument or adequately assert allegations against Defendant to cure the 12(b)(6) defect. It is evident from the face of the complaint that there are no discernible factual allegations against the City of Las Vegas and no clear claim made. Holding Plaintiff to "less stringent standards," the Court nonetheless finds she has failed to state a claim upon which relief can be granted and grants the Motion to Dismiss.

Defendant Ditech Financial, LLC states the complaint should be dismissed because it is not a pleading that states a claim for relief pursuant to Federal Rule of Civil Procedure 8(a)(2). ECF No. 13 at 3. Ditech also states that the complaint is not a valid petition for involuntary bankruptcy, *qui tam* complaint, or quiet title complaint. Plaintiff's response does not address Defendant's argument and does not otherwise cure the defect alleged in its Motion to Dismiss. See ECF No. 27 at 1-511. Federal Rule of Civil Procedure 8(a)(2) states that a "claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Plaintiff's complaint does not adequately identify a claim for relief against Ditech Financial, LLC. The Court therefore grants the motion.

Defendants Bank of New York Mellon, Bank of America, N.A., Bayview Loan Servicing, LLC, and Seaside Trustee Inc. argue in their Motion to Dismiss that Plaintiff's complaint does not provide allegations or a statement of claims and therefore does not comply with Federal Rules of

Civil Procedure 8(a), 9, and 12(b)(6). Defendants argue the complaint is "incoherent" and does not adequately identify the parties or make allegations against Defendants and was pled in such a way that Defendants cannot determine what conduct is being asserted against which Defendant. ECF No. 17 at 4-5. Plaintiff does not respond to these specific arguments in her response. See ECF No. 27 at 1-511. Plaintiff has not made a "short plain statement of the claim" she is asserting against these Defendants and has not otherwise stated a claim upon which relief can be granted. The Court therefore grants the motion.

Defendant JPMorgan Chase Bank, N.A. argues that Plaintiff has failed to satisfy Rule 12(b)(6) warranting dismissal, or in the alternative, moves for a more definite statement under Rule 12(e). JPMorgan ascertains the facts surrounding the foreclosure sale by relying on documents of public record. ECF No. 20 at 4-15. Defendant argues that it has no interest in a December 2006 loan extended to Plaintiff and that the complaint lacks allegations specific to Defendant and does not relate to any conduct of Defendant. Id. at 3. Plaintiff does not respond to these specific arguments in her response. See ECF No. 27 at 1-511. Given the lack of specific allegations against JPMorgan, the Court grants the motion.

Finally, Defendant Bank of America, N.A. also argues that the complaint must be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and for failure to state a claim pursuant to Rule 8(a). Defendant's argument is nearly verbatim the argument made by Defendants in ECF No. 17. See ECF No. 21 at 4-5. Again, Plaintiff does not respond to these specific arguments in her response. See ECF No. 27 at 1-511. The Court incorporates its reasoning as to ECF No. 17 and grants the motion.

**B. Defendants' Motions to Dismiss Second Complaint: ECF Nos. 65, 70**

Defendants Fidelity National Title Company (Fidelity) and First American Title Insurance Company (First American) filed Motions to Dismiss Plaintiff's second complaint (ECF No. 64), ECF Nos. 65 and 70, respectively. Fidelity joined First American's motion. ECF No. 74.

Fidelity asserts the same arguments made by other Defendants in this action, that Plaintiff's second complaint fails to comply with Rule 8(a) and 12(b)(6). ECF No. 65 at 5-6. Specifically, Defendant states that the complaint does not identify specific conduct by Fidelity but appears to

have named Fidelity as a Defendant because one of its employees was formerly employed by National Alliance Title. Id. at 5. Plaintiff did not file a response to this motion but did file a "Notice of Foreign Judgment" comprised of many documents and similarly difficult to decipher. See ECF No. 89. This "Notice of Foreign Judgment" does not address Defendant's argument. The Court agrees with Defendant that Plaintiff's second complaint contains scattered and conclusory allegations that are not readily discernible. Holding Plaintiff to "less stringent standards" as a *pro se* litigant, the Court nonetheless finds that Plaintiff has both failed to state a claim upon which relief can be granted and failed to state a claim in the second complaint. Accordingly, the Court grants the Motion to Dismiss.

Defendant First American also states that Plaintiff has failed to comply with Rule 12(b)(6). Defendant notes that Plaintiff has made some discernible allegations against it with regard to the foreclosure proceedings on the property identified in Plaintiff's complaint, located at 5003 Thunder River Circle, Las Vegas NV 89148. ECF No. 70 at 3. Defendant construes Plaintiff's complaint to be an alleged wrongful denial of an insurance claim under a lender's title insurance policy by First American. Id. at 5. Defendant refers to the Lender's Policy and Deed of Trust, which Plaintiff attached to her complaint, and states that Plaintiff is not covered by the Lender's Policy because, as evidenced by the Deed of Trust, she is not a lender but a borrower. Id. at 5. Defendant further argues that Plaintiff is not an insured under the Lender's Policy and that she cannot have any claims in connection to her title to the property or the foreclosure proceedings because the policy only protects interests pursuant to the Deed of Trust. Id. at 6. Finally, Defendant cites Torres v. Nevada Direct Insurance Company to argue that Plaintiff does not have standing to bring a breach of contract or bad faith claim as a third-party claimant. Id. (citing Torres v. Nevada Direct Insurance Company, 353 P.3d 1203 (Nev. 2015)).

Plaintiff did not file a response and does not otherwise allege in her complaint how she is insured by the Lender's Policy when her own exhibits make plain, she is a borrower, not a lender. See ECF No. 64-1 at 3. Without "well-pleaded allegations of material fact" that explain how Plaintiff is otherwise privy to rights under the Lender's Policy, she cannot make a breach of contract or insurance claim. Accordingly, the Court grants the Motion to Dismiss.

**VI. CONCLUSION**

For the reasons stated above,

**IT IS THEREFORE ORDERED** that Defendants City of Las Vegas, Ditech Financial LLC, Bank of New York Mellon, Bank of America, N.A., Bayview Loan Servicing LLC, Seaside Trustee, Inc., JPMorgan Chase Bank, N.A., and Bank of America, N.A.'s Motions to Dismiss "Praecipe for Personal Summons Extraordinary Writ of Execution Involuntary Bankruptcy Foreign Proceedings & Action (ECF Nos. 7, 13, 17, 20, 21) are **GRANTED** with prejudice.

**IT IS FURTHER ORDERED** that Defendants Fidelity National Title Company and First American Title Insurance Company's Motions to Dismiss "Praecipe for Personal Summons Extraordinary Writ of Execution Probate & Tax Claim & Liquidation Foreign Proceedings, Misprison of Felony & Treason, Statement of Claim(s), Declaration of Unlawful Foreclosure Sale, Rape, Court Order, Subpoena & Notice to Clerk(s) & Bar Clerk(s)" (ECF Nos. 65, 70) are **GRANTED** with prejudice.

**IT IS FURTHER ORDERED** that all other pending motions in this action are **DISMISSED** as moot. The Clerk of Court is instructed to enter judgment accordingly and close this case.

DATED: September 30, 2019.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**